UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IHUOMA EZEBUIHE<br>P.O. BOX 60467, NW<br>WASHINGTON, DC 20039<br><br>*Plaintiff,*<br><br>v.<br><br>COPPIN STATE UNIVERSITY<br>2500 WEST NORTH AVENUE<br>BALTIMORE, MD 21216<br><br>*Defendant.* | Case No.: 1:20-cv-03759<br><br>Jury Trial Demand |

# COMPLAINT

## Preliminary Statement and Introduction

1. This is a civil action against Coppin State University (hereinafter "Defendant" or "Defendant Coppin State University") for monetary relief for injuries Plaintiff Ihuoma Ezebuihe (hereinafter "Plaintiff", "Plaintiff Ezebuihe", or "Ms. Ezebuihe") sustained as a result of the race and national origin discrimination, and retaliation to which she was subjected while employed at Coppin State, in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a) ("Title VII").

2. Ms. Ezebuihe is a female and native of Nigeria.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this matter contains a federal question.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and (b)(2), as a substantial number of the events, acts, or omissions giving rise to Ms. Ezebuihe's claims occurred in Maryland.

5. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Parties

6. Plaintiff Ihuoma Ezebuihe is an adult resident of the State of Maryland. She is employed by Coppin State as a tenured professor. At all times relevant to this matter, Plaintiff was an employee of Coppin State.

7. Defendant Coppin State University is a Maryland State University in Maryland.

## Factual Background

8. Plaintiff Ezebuihe was hired on August 15, 2009 as nursing faculty in the Helene Flud School of Nursing undergraduate nursing program. Her title was Assistant Professor in the BSN Program. Ms. Ezebuihe reported to Dr. Danita Tolson, Department Chair for the Baccalaureate Nursing Program, who was her immediate supervisor, and Dr. Tracey Murray, Dean, Coppin State University College of Health Professions. Plaintiff Ezebuihe's work performance was described as "stellar."

9. Early into her tenure, Plaintiff Ezebuihe began to experience discrimination based on her national origin. Plaintiff Ezebuihe was the only full time African born faculty member who worked at Coppin State University in 2014, even though approximately 49% of the students are African born. In 2014, Dean Murray informed Plaintiff Ezebuihe that she was not qualified to apply for tenure. As a result, Plaintiff Ezebuihe prioritized her PhD studies, teaching effectiveness, service to CHP, service to the University and community service over more immediate requirements for achieving tenure. At the time Plaintiff Ezebuihe had a doctoral degree. Dean

Murray supported Plaintiff's American born colleagues, who did not have their doctoral degree at the time, and they received tenure in 2014.

10. In March 2016, Plaintiff Ezebuihe received an email from Coppin State University President, Dr. Maria Thompson, which advised that she had been denied tenure because there was no evidence that she applied for tenure as a Professor in the 2015-2016 academic year. Plaintiff was later advised in March 2017, that June 30, 2017 would be her last day as part of the faculty. Plaintiff Ezebuihe appealed the decision to the University Faculty Appeal Committee, which separately reviewed her tenure packet and concluded that she should be granted tenure and tenure was granted to her on May 25, 2017. Dean Murray gave awards to every American born faculty who achieved tenure or promotion. Dr. Murray failed and/or refused to give Plaintiff Ezebuihe any award or recognition or any form of congratulations for achieving tenure status. In addition, Plaintiff Ezebuihe observed that Dean Murray gave all opportunities for overtime to American born faculty members. She also noticed discriminatory assignments of workloads. American born faculty members were given one course to tutor, and the department chair gave Plaintiff Ezebuihe three subjects to tutor in addition to her heavy workload. The disparate workload was reported to Dean Murray, but no action was taken to address the discrimination.

11. In August, June, and November 2017, Plaintiff Ezebuihe reported to the Acting and later Interim Provost, Dr. Leonteen Lewis, that she was being discriminated against based on her national origin. Defendant failed to investigate Plaintiff's complaints and no action was taken on her complaints.

12. In 2017, Plaintiff Ezebuihe co-taught a course with Dr. Brenda Gould, an African American woman. Dr. Gould was the course team leader and blocked Plaintiff Ezebuihe from having access to Blackboard, an online teaching tool critical to an instructor's ability to teach.

Plaintiff Ezebuihe did not have access to the teaching tool for almost six months, until she contacted the Assistant Vice President for Academic Affairs to complain about Dr. Gould's conduct.

13. After Plaintiff Ezebuihe received tenure in 2017, she was constantly pressured by Dr. Murray to join the Health Information Management ("HIM") Department even though Plaintiff Ezebuihe's degree in Nursing, not HIM. Dr. Murray began contacting Plaintiff Ezebuihe on almost a daily basis to pressure her to join the HIM, and had the head of the HIM, Dr. Irving Smith, to contact her as well. Dr. Murray left messages on Plaintiff's work phone on June 7, 12, and 13, 2017 about transferring to HIM. Dr. Irving Smith informed Plaintiff Ezebuihe that he was prepared to give her a workload for the Fall semester. The pressure and harassment was so severe, Plaintiff Ezebuihe began to experience clinical anxiety so severe that she had to see a psychiatrist to treat the anxiety. Plaintiff Ezebuihe's psychiatrist prescribed therapy one to two days a week and as treatment.

14. On or about January 27, 2018, Plaintiff Ezebuihe disclosed to her employer that she was recently diagnosed with a disability and she later submitted verifying medical documentation to support her claims. Plaintiff's doctor recommended that she request a reduction in her work hours by 30%. Plaintiff Ezebuihe requested that her work hours be reduced by 30%. On February 6, 2018, Plaintiff Ezebuihe met with Dr. Lisa Early, the Chief Human Resources Officer to discuss her request for a reasonable accommodation of a reduction in her work hours. Rather than engage in the interactive process and offer Plaintiff a reduction in her work hours, Dr. Early claimed that Defendant denied her request and refused to reduce her work hours by 30%.

15. On February 3, 2018, Dr. Tolson and Dean Tracey Murray assigned Plaintiff

4

Ezebuihe the new responsibility of teaching a Nutrition class. Plaintiff Ezebuihe was not hired to teach a Nutrition class and was not capable of teaching the class based on her background and qualifications. Dr. Murry subjected Plaintiff to discriminatory terms and conditions of employment by assigning her the new responsibility of teaching the Nutrition class.

16. On February 15, 2018, Plaintiff requested funding to cover travel expenses associated with participating in a required training event scheduled for March 18-24, 2018. Dr. Tolson denied the requested funding for this event and as a result Plaintiff Ezebuihe was unable to participate in the required training. Lori Harvin, Assistant Nursing Profession, and Dr. Tolson, were granted funding to participate in the required training. Both Ms. Harvin and Dr. Tolson are American born.

17. On March 12, 2018, Plaintiff Ezebuihe was docked four hours of pay after being accused of not working on this day. Plaintiff Ezebuihe worked the entire day and therefore the accusation was false. Dr. Tolson was notified that Plaintiff Ezebuihe worked the entire seven-hour shift but failed still caused Plaintiff's pay to be docked by four hours and failed to take action to correct the false reporting of her time.

18. On April 25, 2018, Plaintiff Ezebuihe filed a complaint with the Maryland Commission of Civil Rights, MCCR No.: 1805-0234. After Plaintiff Ezebuihe filed a complaint with MCCR and notice of the complaint was provided to Coppin State, Dr. Tolson and Dr. Murray retaliated against Plaintiff Ezebuihe. Plaintiff taught a course over the summer of 2018, and from July 30, 2018 through December 28, 2018, Coppin State failed and/or refused to pay her the wages for her summer course contract. On August 10, 2018, Dr. Tolson refused to provide Plaintiff Ezebuihe supporting documents necessary to apply for the position of Associate Professor and thereby denied a promotion opportunity.

19. On April 24, 2020, the Maryland Commission on Civil Rights issued a Written

Decision. The Decision was not received from Plaintiff Ezebuihe until she sent a certified letter to MCCR requesting the decision. On or about October 1, 2020, Plaintiff Ezebuihe received a Right to Sue letter which advised that the United States Equal Employment Opportunity Commission ("EEOC") had adopted the findings of the state agency.

## COUNT I
**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. § 2000e *et seq.***
**National Origin Discrimination**

20. Plaintiff hereby incorporates as though restated all of the factual allegations above.

21, Title VII prohibits discrimination on the basis of national origin with respect to an employee's compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a).

22. Defendant, in violation of Title VII, discriminated against Plaintiff Ezehuibe based on national origin by discriminating against her when compared to her American born colleagues by denying her opportunities to work overtime; requiring her to carry an excessive work load; denying her access to the online teaching tool Blackboard; attempting to transfer her to the HIM Department when her professional area was Nursing; forcing her to teach a course on Nutrition when her professional area was Nursing; failing to provide a reasonable accommodation for a disability including a reduced work schedule requested by her doctor; denying her travel expenses for training in February 2018; docking her four hours of pay for work on a day that she worked in March 2018; delaying payment to her for summer course work from July 2018 through December 2018; refusing to provide request employment files and records to permit her to apply for an Associate Professor position in 2018.

23. Defendant's actions directly and proximately caused Plaintiff Ezebuihe to suffer and to continue to suffer loss of income and other financial benefits, emotional distress, pain,

suffering, stress, humiliation, loss of enjoyment of life, and damage to her reputation and career, and further loss of future professional opportunities.

24. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to Plaintiff Ezehuibe's legal rights

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended
42 U.S.C. § 2000e *et seq.*
Retaliation**

25. Plaintiff hereby incorporates as though restated all of the factual allegations above.

26. Title VII prohibits retaliation against an employee for, <u>inter alia</u>, complaining of or otherwise opposing discrimination based on national origin. 42 U.S.C. § 2000e–3(a).

27. Plaintiff Ezebuihe engaged in protected activity each time she reported harassment and discriminatory treatment in August 2016, and June and November 2017Defendant retaliated against Plaintiff's complaints that she was subjected to discrimination based on national origin

28. Defendant took the actions complained of herein because of Plaintiff's protected activity, including denying her opportunities to work overtime; requiring her to carry an excessive work load; denying her access to the online teaching tool Blackboard; attempting to transfer her to the HIM Department when her professional area was Nursing; forcing her to teach a course on Nutrition when her professional area was Nursing; failing to provide a reasonable accommodation for a disability including a reduced work schedule requested by her doctor; denying her travel expenses for training in February 2018; docking her four hours of pay for work on a day that she worked in March 2018; delaying payment to her for summer course work from July 2018 through December 2018; refusing to provide request employment files and records to permit her to apply for an Associate Professor position in 2018.

29.     Defendant's actions directly and proximately caused Plaintiff Ezebuihe to suffer and to continue to suffer loss of income and other financial benefits, emotional distress, pain, suffering, stress, humiliation, loss of enjoyment of life, and damage to her reputation and career, and further loss of future professional opportunities.

30.     Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to Plaintiff Ezebuihe's legal rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial by jury and prays this Court for the following relief:

a)   Enter a judgment in Plaintiff Ezebuihe's favor and against Defendant Coppin State University for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) ("Title VII");

b)   Award Plaintiff Ezebuihe compensatory damages for the pain and suffering, damage to career, and loss of enjoyment of life, that she has experienced as a result of Defendant Coppin State University's unlawful conduct in an amount to be determined at trial;

c)   Award Plaintiff Ezebuihe punitive damages in an amount to be determined at trial;

d)   Award Plaintiff Ezebuihe reasonable attorneys' fees, litigation expenses, and costs and;

e)   Award Plaintiff Ezebuihe all other relief permitted under the above causes of action or which the Court deems appropriate.

Respectfully submitted,

*/s/ David A. Branch*
David A. Branch, Maryland Bar No.: 22862
Law Offices of David A. Branch &
Associates, PLLC
1828 L Street, NW, Suite 820
Washington, DC 20036
(202) 785-2805 phone
davidbranch@dbranchlaw.com

**JURY TRIAL DEMAND**

Plaintiff requests trial by jury as to all issues in this case.