IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EZEBUIHE IHUOMA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:20-03759-JMC |
| COPPIN STATE UNIVERSITY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Ezebuihe Ihuoma brought this case under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a) ("Title VII"), alleging race discrimination and retaliation by Defendant Coppin State University during her employment at the university. Presently before the Court is Plaintiff's Motion to Appoint Expert by Late Designation (ECF No. 24) and Defendant's Response in opposition (ECF No. 26). The issues have been fully briefed an no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Motion is GRANTED, with conditions.

**I.   BACKGROUND**

Pursuant to the original Scheduling Order in this case, Plaintiff was to disclose any expert witnesses by October 4, 2021, in accordance with Federal Rule of Civil Procedure 26(a)(2). (ECF No. 8). This disclosure was to be followed by Defendant's expert disclosures on November 1, 2021, and any rebuttal disclosures from Plaintiff by November 15, 2021. *Id.* The Scheduling Order provided an overall expert supplementation deadline of November 22, 2021, and a final discovery deadline of December 16, 2021. *Id.* By its terms, any proposed modifications to the Court's

Scheduling Order were due by August 17, 2021, after which point, "**the schedule will not be changed except for good cause**." *Id*. (emphasis in original).

No requests for modifications of any of the schedule's deadlines were received by August 17, 2021. Plaintiff did not make an expert disclosure, rebuttal disclosure, or supplemental disclosure of any expert witnesses by the respective deadlines. In fact, Plaintiff did not take or respond to any discovery through November 2021 according to a letter from Defense counsel advising the Court of same on November 9, 2021. (ECF No. 17 at 1). As a result of that letter, the Court convened a conference call on November 12, 2021, the results of which the Court summarized in a paperless Order that same date:

> Plaintiff shall produce full and complete discovery responses no later than November 17, 2021. Plaintiff is cautioned that the failure to comply with this order fully may well support sanctions being imposed, including possible dismissal.

(ECF No. 18).

On November 23, 2021, the Court entered another paperless Order asking the parties to address whether Plaintiff was in full compliance with this directive. (ECF No. 19). In Defendant's submission, Defendant raised several issues regarding the completeness of Plaintiff's discovery responses. Insufficiencies included the failure to produce medical records or a medical release for care claimed as a result of the alleged employment law violations, and any bills related to that care. (ECF No. 20 at 1-2). Additionally, in response to interrogatories, Plaintiff for the first time indicated that she may rely on expert testimony from her treating healthcare provider(s), although neither the expert nor scope of any proposed testimony was disclosed. *Id*. at 2. For her part, Plaintiff indicated in her response that full and complete discovery responses had been provided, and that she would provide the requested release for medical records. (ECF No. 21).

The Court convened a conference call on December 15, 2021, and summarized the results of that call in an Order that same day. (ECF No. 23). The Court ordered Plaintiff to provide the agreed-to medical records release by December 22, 2021, and itemize any damages claimed (including medical bills) by December 22, 2021, together with any supporting documentation. *Id*. The Court also ruled that, given Plaintiff's failure to disclose experts by any of the deadlines set forth above or, for that matter, by the December 16, 2021, discovery deadline, Plaintiff would not be permitted to introduce expert testimony, including hybrid fact/opinion testimony from treating healthcare providers. *Id*. The Court excepted pure fact testimony from treating health care providers based on their treatment records and bills (assuming same were timely provided). *Id*. The Court instructed Plaintiff that if she wanted relief from that exclusion, she should file a motion for reconsideration with supporting reasons. *Id*. Finally, based on Plaintiff's untimely discovery responses, the Court granted Defendant's request to extend the discovery deadline by ninety days to allow Defendant a reasonable time to follow up on any discovery provided. *Id*.

On December 22, 2021, Plaintiff filed such motion for reconsideration in the form of a Motion to Appoint Expert by Late Designation. (ECF No. 24). Plaintiff argues that her failure to properly designate any expert should be excused because of her "severe work-related emotion [sic] distress and a sudden family matter requiring her to begin supporting her sister… ." Plaintiff does not set forth any of the timing of these issues, or why specifically they would interfere with her counsel securing and appropriately designating an expert in accordance with Rule 26(a)(2) by the initial disclosure deadline, the rebuttal deadline, or the supplementation deadline. The Court also notes that typically the retention and disclosure of experts is performed by counsel, not the party. In fact, Plaintiff has still not provided a compliant designation, although she does disclose the name of her treating provider, Dr. Okafor, whom Plaintiff indicates would offer such testimony.

3

Plaintiff further argues that given the discovery deadline has been extended by ninety days to March 16, 2022, there is no prejudice to Defendant.

In its opposition, Defendant also points out that Plaintiff has not specifically related how her issue have prevented her—even through the present—from properly designating an expert, thus running afoul of Rule 37(c)(1). (ECF No 26 at 4-5). Defendant further argues that Plaintiff's discovery remains incomplete as to damages, and that Plaintiff only recently provided medical records from previously undisclosed providers. *Id.* As set forth more fully below, Plaintiff's Motion (ECF No. 24) is conditionally granted, provided Plaintiff is fully compliant with the terms and deadlines set forth later in this order.

## II.  FEDERAL RULE OF CIVIL PROCEDURE 26

For non-treating experts, Rule 26(a)(2)(B) requires that a party disclosing an expert witness provide a written report that includes, *inter alia*, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). For treating physicians from whom a party seeks to elicit expert testimony (as opposed to just factual testimony), Rule 26(a)(2)(C) has similar requirements. Although a report is not required, a disclosing party must not only describe the subject matter of the testimony, but also "a summary of the facts and opinions to which the expert is expected to testify. *Id*.

In either scenario, the disclosure must be made by the date set in the scheduling order governing the case, or if the Court has not set a deadline, then at least ninety days before trial. Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) provides for sanctions for failure to comply with Rule 26(a)(2)(B) and 26(a)(2)(C). Specifically, it states: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information

4

or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Boyd v. Armstrong*, Civ. No. ELH-17-2849, 2019 WL 1440876, at *10 (D. Md. Mar. 29, 2019); *Moore v. Peitzmeier*, Civ. No. TDC-18-2151, 2020 WL 94467, at *12 (D. Md. Jan. 7, 2020) (quoting Fed. R. Civ. P. 26(a)(2)(C)).

### III.   ANALYSIS

In the present case, there has yet to be a compliant expert designation. This is not a case where, despite diligent efforts by Plaintiff, a timely designation could not be provided. Such situation sometimes occurs due to conflicts in the schedules of counsel and their lay and expert witnesses, where this Court routinely has granted the requested extension. To the contrary, the record is devoid of any steps taken by Plaintiff to obtain from Dr. Okafor—the putative hybrid fact/opinion expert-—any sense of the full subject matter of his expected testimony or the facts he relies upon. Thus, Plaintiff's failure to designate Dr. Okafor in a compliant fashion was not substantially justified.

Whether this failure was harmless is intrinsically tied to the Court's analysis of whether Plaintiff's request to modify the Scheduling Order to allow the late designation is appropriate. "A court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *CBX Techs., Inc. v. GCC Techs., LLC*, Civ. No. JKB10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999)). Pursuant to Federal Rule of Civil Procedure 16(b)(4), one seeking to amend a scheduling order must demonstrate good cause. "Good cause" exists if "'scheduling deadlines cannot be met despite a party's diligent efforts' . . . ." *Id.* (quoting *Potomac Elec. Power Co.*, 190 F.R.D. at 375); *see also Faulconer v. Centra Health,*

*Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 106–07 (D. Md. 2013). "The burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indem. Co.*, Civ. No. JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016). Besides diligence, other factors in determining good cause include "the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)).

Allowing Plaintiff to disclose an expert at this late date will have ripple effects. Defendant will understandably want to retain a rebuttal expert who, in turn, might wish to conduct an independent medical exam. Depositions would likely follow. All of this would have the effect of prolonging discovery beyond the current deadline.

These delays and additional efforts from Defendant, however, need to be balanced against the relatively young age of this case, and the reality that barring Plaintiff's damages expert could significantly undermine Defendant's ability to present a complete defense in this matter. Such a sanction against a party due to lack of diligence should not be undertaken lightly. Also, as Plaintiff notes, the discovery deadline has already been extended. Further, this Court concludes that it has the ability to limit the prejudice to Defendant by attaching conditions to any relief it grants to Plaintiff.

In light of all of this, the Court rules as follows. Plaintiff will be allowed to use Dr. Okafor as an expert witness if Plaintiff produces an expert report from Dr. Okafor that is fully compliant with the requirements of Rule 26(a)(2)(B). The Court understands that such a requirement typically does not attach to a treating physician, but the Court will impose it here in light of the complete

failure of compliance with Rule 26(a)(2)(C) to date. That report is due by February 18, 2022. Should Defendant wish to conduct a deposition of Dr. Okafor and/or an independent medical exam of Plaintiff, Plaintiff shall arrange for same to occur by March 16 (or, at Defendant's discretion, a later date convenient for Defendant or its expert). Any deposition of Dr. Okafor shall be at Plaintiff's expense, including any fees of Dr. Okafor and the cost of the court reporter and transcript. Defendant will have until March 16, 2022, to designate its own expert if it wishes to do so. Any deposition of that expert shall occur by April 15 (or such later date as Defendant and its expert can first reasonably accommodate) and shall be primarily at Plaintiff's expense in terms of the expert fee for time spent at deposition and associated court reporting expense. Plaintiff's failure to comply with the above will result in the exclusion of Dr. Okafor. Any relief from the above deadlines shall be by mutual agreement or further Order of the Court for compelling reasons only.

Other than the expert discovery discussed above, the discovery deadline and other deadlines in the case shall remain unchanged, unless there is mutual agreement to change them. Any such agreement shall be submitted to the Court for approval. Plaintiff is cautioned that at trial, she will be held to the information produced in response to Defendant's discovery (or that is otherwise produced by Defendant).

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Appoint Expert by Late Designation (ECF No. 24) is GRANTED, with the conditions set forth above. A separate Order follows.

<u>January 24, 2022</u>　　　　　　　　　　　　　　<u>　　　/s/　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　　J. Mark Coulson
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge