IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EZEBUIHE IHUOMA**, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:20-03759-JMC |
| **COPPIN STATE UNIVERSITY**, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Ezebuihe Ihuoma brings this case under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a) ("Title VII"), alleging race discrimination and retaliation by Defendant Coppin State University during her employment at the university. Presently before the Court is Defendant's Motion to Strike (ECF No. 31) and Plaintiff's Response in Opposition (ECF No. 32). No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Defendant's Motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

The Court reiterates an abbreviated version of the case's procedural background as explained in a prior Memorandum Opinion (ECF No. 27). The original Scheduling Order in this case required Plaintiff to disclose any expert witnesses by October 4, 2021, in accordance with Federal Rule of Civil Procedure 26(a)(2). (ECF No. 8). The Scheduling Order set forth corresponding deadlines for Defendant's expert designations and Plaintiff's rebuttal disclosures, as well as a date for supplementation. *Id*. Discovery was to be completed by December 16, 2021, and the Scheduling Order would "not be changed except for good cause." *Id*.

In accordance with this Court's Memorandum to the parties concerning informal discovery disputes procedures, Defendant sought assistance from the Court to direct Plaintiff to respond to

discovery requests. (ECF No. 17). Plainly, Plaintiff failed to respond to any and all discovery requests. *Id.* The Court convened a conference call on November 12, 2021, the results of which were summarized in a paperless Order that same date:

> Plaintiff shall produce full and complete discovery responses no later than November 17, 2021. Plaintiff is cautioned that the failure to comply with this order fully may well support sanctions being imposed, including possible dismissal.

(ECF No. 18).

Upon inquiry and Order from this Court, Defendant relayed that Plaintiff's discovery responses were insufficient and that Plaintiff indicated for the first time that she may rely on expert testimony from her treating healthcare provider(s), although neither the expert nor scope of any proposed testimony was disclosed. (ECF No. 20 at 2). Based on these submissions, the Court convened a conference call on December 15, 2021, and ruled that, given Plaintiff's failure to disclose experts by any of the deadlines set forth above or, for that matter, by the December 16, 2021, discovery deadline, Plaintiff would not be permitted to introduce expert testimony, including hybrid fact/opinion testimony from treating healthcare provider(s). (ECF No. 23). The Court excepted pure fact testimony from treating healthcare providers based on their treatment records and bills (assuming same were timely provided). *Id*. The Court instructed Plaintiff that if she wanted relief from that exclusion, she should file a motion for reconsideration with supporting reasons. *Id*. Finally, based on Plaintiff's untimely discovery responses, the Court granted Defendant's request to extend the discovery deadline by ninety days. *Id*.

On December 22, 2021, Plaintiff filed a motion for reconsideration in the form of a Motion to Appoint Expert by Late Designation. (ECF No. 24). Plaintiff's motion did not address her consistent delays in discovery or general failures to meet the Court ordered deadlines, but instead relied upon her own family matters to excuse her untimely discovery responses and expert

designation. *Id.* Despite this, the Court conditionally allowed Plaintiff a late-designated expert if Plaintiff's disclosure was fully compliant with the terms and deadlines set forth in the Court's Order. (ECF No. 27). That Order expressly stated that "Plaintiff will be allowed to use Dr. Okafor as an expert witness if Plaintiff produces an expert report from Dr. Okafor that is fully compliant with the requirements of Rule 26(a)(2)(B)" by February 18, 2022. *Id.* at 6-7. The Order further acknowledged that treating physicians are not typically required to comply with Rule 26(a)(2)(B), but Plaintiff's complete failure to comply with deadlines, extensions, and directives warranted further requirements. *Id.* The Court continued to set a timeline for an independent medical exam, as well as a deadline for Dr. Okafor's deposition at Plaintiff's expense. *Id.* at 7. The Order concluded that "Plaintiff is cautioned that at trial, she will be held to the information produced in response to Defendant's discovery." *Id.*

Notwithstanding the Court's reprieve and various efforts to referee and safeguard the expert designation process, Plaintiff's pattern of unresponsiveness continued. On February 16, 2022, Defendant alerted the Court to Dr. Okafor's request for compensation in complying with a subpoena for Plaintiff's medical records, in addition to Dr. Okafor's subsequent production of unrelated patient records, to which Plaintiff's counsel did not respond. (ECF No. 29). Defendant requested permission to file a motion to compel, which this Court granted in the event that Dr. Okafor's shortcomings were not corrected. (ECF No. 30). On February 24, 2022, Defendant's present Motion to Strike ensued. (ECF No. 31).

Defendant's Motion argues that Plaintiff's report does not comply with the requirements of Rule 26(a)(2)(B), nor do the attached one page "clinical summary" and print out of Dr. Okafor's biography from his medical practice's website fulfill the information necessary for the report. (ECF No. 31, Ex. 1 at 2). Plaintiff's response asserts that the expert report meets the requirements of Rule

3

26(a)(2)(B) and that any errors were harmless such that supplementation may cure deficiencies. (ECF No. 32).

Importantly, on March 11, 2022, Defendant filed a consent motion to extend the timeline to depose Dr. Okafor and conduct Plaintiff's independent medical examination. (ECF No. 33). Defendant indicated that Dr. Okafor had yet to respond to Defendant's subpoena and that Plaintiff still had not provided a fully compliant expert report. *Id.* This Court granted that motion, and the time for Defendant to depose Dr. Okafor has been extended until after the resolution of dispositive motions. (ECF No. 34).

In reviewing the instant Motion, the Court shares Defendant's frustration with Plaintiff's consistent non-compliance with the Court's Orders. However, upon weighing the applicable factors in determining the compliance and admissibility of testimony from Dr. Okafor, the Court will not completely exclude him, but will instead limit the scope of any testimony.

## II. FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37

This Court ordered Plaintiff to produce an expert report that was fully compliant with the requirements of Federal Rule Civil Procedure 26(a)(2)(B). (ECF No. 28). Rule 26(a)(2)(B) requires that a party disclosing an expert witness provide a written report that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The disclosure must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Rule 37(c)(1) provides for sanctions for failure to comply with Rule 26(a)(2)(B). Specifically, it states: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Boyd v. Armstrong*, Civ. No. ELH-17-2849, 2019 WL 1440876, at *10 (D. Md. Mar. 29, 2019); *Moore v. Peitzmeier*, Civ. No. TDC-18-2151, 2020 WL 94467, at *12 (D. Md. Jan. 7, 2020) (quoting Fed. R. Civ. P. 26(a)(2)(C)).

A district court has broad discretion in determining whether the failure was justified or harmless and is "guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "The first four factors relate primarily to the harmlessness exception of Rule 37(c)(1), and the fifth factor relates mainly to the substantial justification exception." *Boyd v. Armstrong*, No. CV ELH-17-2849, 2019 WL 1440876, at *11 (D. Md. Mar. 29, 2019) (quotations omitted) (quoting *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017)). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or harmless." *Bresler*, 855 F.3d at 190.

### III. ANALYSIS

Plaintiff's expert report is not fully compliant with Rule 26(a)(2)(B) and is consequently in violation of this Court's Order. For the first requirement of Rule 26(a)(2)(B), which necessitates a complete statement of all of the opinions Dr. Okafor will state and the basis for each of them,

Plaintiff's report references and attaches a "clinical summary" of her visit with Dr. Okafor. (ECF No. 31, Ex. 3). That summary details Plaintiff's complaints and self-reported symptoms. *Id.* The summary states that Plaintiff's symptoms worsened over time and she was prescribed medication then referred to a counseling facility which diagnosed her with major depressive disorder. *Id.* The summary concludes with a note that Dr. Okafor continues to monitor Plaintiff. *Id.* Simply put, the "clinical summary" referenced and attached to Plaintiff's report is merely a "clinical summary" in the literal sense of the term – it is a summary of Plaintiff's clinical visits. The summary recounts Plaintiff's self-reported symptoms and Plaintiff's own believed cause; it is not a complete statement of all of Dr. Okafor's opinions, and is therefore not compliant with Rule 26(a)(2)(B)(i).

As for Rule 26(a)(2)(B)(ii), requiring a recital of the facts upon which the expert's opinion was formed, Plaintiff's expert report states "Plaintiff reserves the right to supplement this Designation with further information and/or additional witnesses pending further examination, evaluation, and discovery in this matter." (ECF No. 31, Ex. 2 at 3). This response is wholly void of substance required by the Rule. The discovery deadline has since passed, and there is no indication that any supplementation has been provided since the date of this report. Furthermore, reserving the right to supplement is plainly not enough to fulfill this part of the Rule's requirement, especially given the many opportunities already afforded by the Court to provide such supplementation. Strikingly, Plaintiff provided this exact response to two more of the Rule's requirements. (ECF No. 31, Ex. 2 at 3). Plaintiff "reserve[d] the right to supplement th[e] Designation" in response to Rule 26(a)(2)(B)(v), a list of all other cases the expert testified in the last four years, and Rule 26(a)(2)(B)(vi), the expert's compensation for the study and testimony in the case.

Plaintiff's report states that the expert will use the "clinical summary" and his website biography as the exhibits used to summarize his opinions in response to the requirement in Rule 26(a)(2)(B)(iii). (ECF No. 31, Ex. 2 at 2). Subject to this Court's ruling below regarding the scope of Dr. Okafor's trial testimony, the Court will not now rule whether the clinical summary or website biography are admissible exhibits.

Upon finding that Plaintiff's expert report is only minimally compliant with some parts of Rule 26(a)(2)(B), and consequently largely non-compliant with this Court's previous Order, the Court must next turn to Rule 37(c)(1). Application of Rule 37(c)(1) includes analysis of the *Southern States* factors to determine whether "the failure was substantially justified or is harmless" such that Plaintiff may rely on Dr. Okafor's expert testimony at trial.

Plaintiff's failure to produce a compliant expert report is not substantially justified. The *Southern States* fifth factor encourages the Court to consider "the nondisclosing party's explanation for its failure to disclose the evidence." Plaintiff has provided no explanation for its failure to produce a compliant report, and instead continues to justify its haphazard submission and focuses on the curability and harmlessness of the report's deficiencies. Further, the Court infers that Plaintiff's complete disregard for the guidance and opportunities afforded by the Court renders this submission, frankly, substantially *un*justified.

Though there is seemingly no excuse, at least none provided, for failing to produce a compliant expert report, a complete barring of Dr. Okafor's testimony is not warranted. This is because the fourth *Southern States* factor, "the importance of the evidence", weighs heavily in favor of partially allowing Dr. Okafor the ability to testify at trial. Dr. Okafor was initially retained as a treating physician to speak to Plaintiff's damages. Without any testimony from him, Plaintiff might not be able to introduce a record of her past treatment, such as that necessary to authenticate

Plaintiff's treatment records from Dr. Okafor. The Court expresses no opinions on the relevance of that treatment or whether Plaintiff can otherwise establish such treatment is related to the alleged wrongful action of Defendant.

As Defendant aptly notes, "Plaintiff's piecemeal releases of information regarding her proposed expert have delayed these proceedings and unfairly burdened this Court and the [Defendant]'s counsel with the time and expense of ensuring her compliance with her discovery and disclosure obligations." (ECF No. 31, Ex. 1 at 5). Accordingly, the Court will rule as follows. Defendant's Motion to Strike will be granted in part, and Dr. Okafor will not be permitted to give expert testimony at trial except that Dr. Okafor may be called by either side as a fact witness to authenticate and explain his treatment records in this case. Any "expert" opinion is confined to those records and that explanation. This ruling does not prohibit Defendant from taking Dr. Okafor's deposition should it still wish to do so.

### IV.  CONCLUSION

Accordingly, Defendant's Motion to Strike (ECF No. 31) is **GRANTED in part and DENIED in part**. A separate Order follows.

April 5, 2022    /s/
Date             J. Mark Coulson
                 United States Magistrate Judge