IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **IHUOMA EZEBUIHE,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:20-cv-03759-JMC |
| **COPPIN STATE UNIVERSITY,** | * | |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

On July 14, 2022, the Court granted Defendant Coppin State University's Motion for Summary Judgment (ECF No. 43). (ECF Nos. 50 & 51). Plaintiff Ihuoma Ezebuihe has moved for the Court to alter or amend its decision to grant summary judgment in favor of Defendant. (ECF No. 52). Throughout this Memorandum Opinion and Order, the Court will refer to its July 14, 2022 Memorandum Opinion as "the Court's Memorandum Opinion" The Court has considered Plaintiff's Motion, Defendant's Opposition (ECF No. 53), and the Court's Memorandum Opinion. The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Motion is hereby denied.

**I.     Background**

This case involved claims under Title VII of the Civil rights Act of 1964, as amended 42 U.S.C. §2000e-2(a) ("Title VII"), alleging national origin discrimination and retaliation committed by Defendant. *See generally* (ECF No. 1). Plaintiff's claims for discrimination and retaliation arose from conduct and occurrences which occurred while Defendant employed Plaintiff. *Id.*

On July 14, 2022, the Court granted summary judgment in favor of Defendant, thereby concluding this case. (ECF Nos. 50 & 51). Specifically, the Court held: (1) "Even in the light most favorable to Plaintiff as the non-moving party, Plaintiff has failed to set forth a prima facie

case by a preponderance of the evidence that she was discriminated against on the basis of national origin; and (2) "At this stage, Plaintiff's evidence, or lack thereof, is not enough for a prima facie case of retaliation." (ECF No. 50 at pp. 12 & 17).[1]

Plaintiff requests that the Court alter or amend the judgment because "this Court's Memorandum Opinion . . . misapprehended material facts . . . ." (ECF No. 52 at p. 1). Specifically, Plaintiff offers five bases for her Motion:

(1) the Court improperly concluded that Plaintiff was not docked sick leave;

(2) the Court improperly faulted Plaintiff for relying on her own deposition testimony and interrogatories;

(3) the Court failed to recognize that Plaintiff's deposition testimony provided details regarding the training for which Plaintiff was denied funding;

(4) the Court made improper conclusions regarding Plaintiff's allegation concerning reduced opportunities for promotion; and

(5) the Court erred in granting summary judgment in favor of Defendant because the actions Plaintiff complained about would dissuade a reasonable person from pursuing an EEO claim.

## II.     Legal Standard

"Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment." *Mitchell v. Brock & Scott, PLLC*, No. 19-cv-02225-LKG, 2022 WL 18401735, *2 (D. Md. Nov. 1, 2022) (citing Fed. R. Civ. P. 59(e)). "In this regard, the United States Court of Appeals for the Fourth Circuit has explained that 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Mitchell*, 2022 WL 18401735 at *2 (quoting *Pac. Ins. Co. V. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Case law in the Fourth Circuit makes clear

---

[1] When the Court cites to specific page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

that "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 635, 637 (4th Cir. 2007) (other citations and internal quotation marks omitted). "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." *Id.* (other citation omitted).

### III.    Analysis

Plaintiff does not argue that the Court should alter or amend its judgment to accommodate an intervening change in controlling law, nor does Plaintiff argue that such an alteration or amendment should be made to account for new evidence not available at trial or otherwise. Rather, Plaintiff's arguments amount to a belief that the Court improperly considered, or failed to consider, evidence in the record when the Court granted summary judgment in favor of Defendant. Plaintiff's arguments are unavailing.

First, Plaintiff argues that the Court erred in finding that "Plaintiff was not actually docked sick leave or pay, and there is no adverse action to analyze." (ECF No. 52 at p. 1). Specifically, Plaintiff points to portions of Plaintiff's deposition testimony to support this argument. The relevant deposition testimony provides as follows:

> Q.   And then your pay was not docked, correct?
>
> A.   Yes, and only because I involved Dr. Early.
>
> Q.   Okay, I understand. My question was your pay was not docked, correct?
>
> A.   No, it wasn't docked after I involved the higher ups.
>
> A.   Attorney Patrick, can I go back to - and gonna come back, excuse me, I just didn't want to, you know, forget it. I don't think that my sick leave was -- has been-- maybe it was an error. It hasn't been, you know, refunded to me. It might be some error.

3

> Q. All right. Well, hold on for a second since you -- you're saying that you're missing hours for sick leave?
>
> A. Yes. And it could have been an error.
>
> Q. Okay. But your pay wasn't docked?
>
> A. No. But my sick leave was.

(ECF No. 46-1 at p. 32, Quadrants 117–19).[2] This deposition testimony does not warrant an alteration or amendment to the judgment. Plaintiff confirmed that her pay was not docked, then raised a question as to whether her sick leave hours (for time she missed for being sick) were refunded to her, but ultimately posits that "it may have been some error." Such testimony, without more falls "falls far short of proof by a preponderance of the evidence." (ECF No. 50 at p. 10 (citing *Artis v. U.S. Foodservice, Inc.*, NO. ELH-11-3406, 2014 WL 640848, *9 (D. Md. Feb. 18, 2014) ("[P]laintiff proffered mere conjecture, but no evidence, that the incident . . . transpired as she alleges"); *see also Martin v. Montgomery Cnty. Pub. Schs.*, 223 F. Supp. 2d 742, 743 (D. Md. 2002) ("On deposition plaintiff . . . has offered nothing more than his own subjective opinions . . . .")).

Second, regarding Plaintiff's payment for teaching a summer course, Plaintiff argues that the Court improperly faulted Plaintiff for "relying upon her own deposition testimony and answers to interrogatories." (ECF No. 52 at p. 2). Immediately thereafter, Plaintiff contends that she explained how Defendant utilized separate summer contracts, and Plaintiff reiterates how she was not paid "maybe more than one month." *Id.* Again, the Court reiterates that Plaintiff has provided no evidence showing that the timeline of payment she encountered was abnormal, that her co-workers were paid quicker, or that payment was actually remitted over a month's period. Plaintiff

---

[2] Plaintiff's deposition transcript is formatted so that each page contains four square quadrants of testimony. Accordingly, the Court will cite to Plaintiff's deposition by referring to the numbers provided in the upper right corner of each individual quadrant.

yet again relies on nothing more than her own deposition testimony and answers to interrogatories, and she falls well short of proof by a preponderance of the evidence.

Third, regarding Plaintiff's assertion that she was denied funding to attend a February 2018 training, Plaintiff argues that the Court improperly concluded that this claim was unsubstantiated. *Id.* Plaintiff again references her deposition testimony to assert that she did in fact provide details of the February 2018 training. However, in the Court's Memorandum Opinion, the Court stated, "Plaintiff's assertion that she was denied funding to attend a training is unsubstantiated. Again, Plaintiff relies solely on her own testimony and answers to interrogatories, and provides no detail about the training itself." (ECF No. 50 at p. 10). "At this stage in the litigation, conclusory assertions are not enough." *Id.* (citing *Mungro v. Giant Food Inc.*, 187 F. Supp. 2d 518, 523 (D. Md. 2002) ("Conclusory and hearsay evidence does not provide support sufficient to defeat a summary judgment motion.")) (other citations omitted). Although Plaintiff provides deposition testimony regarding how she believes other employees were treated in regard to the training, the only detail Plaintiff gives regarding the training itself is that it "included grant training." (ECF No. 52 at p. 3). Regarding the training, Plaintiff has provided no evidence beyond her own deposition testimony and responses to interrogatories, nor has she offered evidence regarding how this training relates to the element of adverse employment action.

Fourth, regarding Plaintiff's assertion of reduced opportunities for promotion, the Court concluded that "Plaintiff has failed to allege or produce evidence that similarly situated American-born employees were given timely access to their faculty activity report." (ECF No. 50 at p. 11). Furthermore, the Court found that "Plaintiff has failed to provide evidence that (1) this information was necessary for a promotion and (2) similarly-situated American-born colleagues were granted access to the requested documentation." Plaintiff urges the Court to recognize Plaintiff's

deposition testimony that she was denied access to her faculty activity report and, therefore, her promotion application was denied as incomplete. (ECF No. 52 at p. 4). Furthermore, Plaintiff again utilizes her deposition testimony wherein she testified that Defendant treated her different compared to the way Defendant treated American-born people. *Id.* As recognized in the Court's Memorandum Opinion, Plaintiff's testimony directly contradicts her argument that she was denied a promotion solely based upon her incomplete application. (ECF No. 46-1 at p. 36, Quadrant 135, Lines 4–21 (In response to a question of whether her application was denied because it was missing the faculty activity report, Plaintiff answered "No. It's just that some of the documents that I would have used were not there, and so it was incomplete."). Plaintiff further testified that her missing faculty activity report was only "part of the reason[]" why her application was denied. *Id.* at p. 36, Quadrant 136, Lines 3–8. Plaintiff failed to produce evidence sufficient to support her allegations of reduced opportunities for promotion. *See Martin*, 223 F. Supp. 2d at 744 ("[P]laintiff has presented no objective evidence that a similarly situated white person . . . was treated any different than [s]he, as required by the fourth element of the *McDonnell Douglas* test for establishing a *prima facie* case.") (emphasis in original).

    Lastly, regarding Plaintiff's argument that her allegations would dissuade a reasonable person from pursuing an EEO claim, the Court finds no error in its grant of summary judgment for Defendant. Plaintiff offers no argument beyond this bare assertion. However, in the Court's Memorandum Opinion, the Court thoroughly addressed Plaintiff's retaliation claim and found it to be unsubstantiated. (ECF No. 50 at pp. 12–17). Plaintiff is not entitled to an alteration or amendment of the judgment on this basis.

    **IV.     Conclusion**

In light of the foregoing, the Court hereby **ORDERS** that:

1. Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 52) is **DENIED**; and

2. The Clerk of the Court close this case.

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

Date: <u>March 16, 2023</u>                                                                     <u>     /s/                    </u>
                                                                                                                        J. Mark Coulson
                                                                                                                        United States Magistrate Judge